YORK v. STATE.

Ohio Appeals, 9th Dist., Summit Co.

No. 1428. Decided Mar. 23, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

705. LARCENY—1231. Venue—333. Criminal Law.

Where express messenger is accused of stealing property entrusted to his care, and he confesses that he stole property somewhere on route between Columbus and Akron, and property was found in his possession upon his arrival in Akron, conviction of larceny in Summit county not against weight of evidence.

Error to Common Pleas.

Judgment affirmed.

F. A. Rees, Akron, for York.

O. A. Hunsicker, Pros. Atty., Akron, for State.

STATEMENT OF FACTS.

In this case the plaintiff in error was convicted of grand larceny. He was an express messenger, working for the American Railway Express Co. upon a Pennsylvania railroad train operating between Columbus and Cleveland, and on the day in question the articles of personal property described in the indictment were taken from a satchel in the custody of said messenger somewhere along the line between Columbus and Akron, Akron being a transfer point for said personal property.

When the satchel was taken from the possession of said messenger at Akron, it was searched immediately, and said articles of personal property were found to be missing. When said messenger was interrogated in Cleveland, shortly after he reached there, all of said articles were found in his possession except the revolver, worth about $27.50, which he said, in a confession he made, he had sold and delivered to the baggage master on said train.

The plaintiff in error claims that the finding by the jury that he is guilty of having committed the crime in Summit County, is manifestly against the weight of the evidence, and second, that there is prejudicial error in the charge of the court.

PER CURIAM.

"It must be remembered that the defendant did not take the stand or offer any evidence of any kind in his own behalf. He signed a written confession admitting that he took all of the articles in question somewhere along the line between Columbus and Akron, without designating the county in which the act was committed. There is no direct evidence to show in which county the theft occurred, but there is evidence to show that the articles were put on the train in Columbus and that they were all missing at the transfer point in Akron, in Summit County, and that all of the articles except the revolver were found in defendant's possession in Cuyahoga County. The articles found in his possession in Cuyahoga County must have been in his possession in Summit County, and the finding of the jury, that they were, is not clearly against the weight of the evidence. The jury found also that the revolver was in his possession in Summit County, and we think that it is a reasonable inference to draw from all of the evidence that the same was in his possession in Summit County, the same as the other articles were found to be; at least we are unable to say that such finding is clearly against the weight of the evidence.

The jury having so found, he was properly convicted. 11 Ohio 435.

As he confessed the taking of the property, the only other questions to be settled were the venue and the value of the property taken. We are of the opinion that the court did not mislead the jury, and that the accused was not prejudiced.

Not finding any errors in the record prejudicial to the accused, the judgment is affirmed."

(Washburn, P. J. Funk, J. and Pardee, J. concur.)